UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: : CASE NO 20-80180-CRJ
:
JAMES BRYRON YARBROUGH : CHAPTER 13
:
    Debtor :

-----

## ORDER TERMINATING AUTOMATIC STAY

U.S. Bank National Association not in its individual capacity but solely as Legal Title Trustee for RMTP Trust, Series 2021 BKM-TT-V, for itself, its successors and assigns (the "Movant"), filed a Motion to Enforce Agreed Order on Motion for Relief from Automatic Stay (the "Motion"), which was scheduled for hearing on May 2, 2022 (the "Hearing"). Movant seeks relief as to Debtor`s real property located in Cullman County, Alabama, now or formerly known as 2805 COUNTY ROAD 1740, HOLLY POND, AL 35083 (the "Property"), as more particularly described on Exhibit "B" attached to the Motion.

Movant asserts that the Motion was properly served and hearing properly noticed. Neither Debtor nor the Trustee oppose the relief sought; accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion is **APPROVED** and the automatic stay of 11 U.S.C. § 362 is **TERMINATED** to allow Movant to foreclose the Property and take possession thereof in pursuit of its state law remedies; provided, however, any proceeds remaining after foreclosure of the Property which exceed the lawful claim of Movant shall be promptly remitted to the Chapter 13 Trustee. Movant's Proof of Claim, Court Claim No. 4, is reduced to the amount paid and Trustee shall cease disbursements to Movant on its Proof of Claim. Movant is granted leave of no more than 120 days from the entry of the Order to file a claim for any deficiency. The 14 day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply to this Order and Movant may proceed without further delay.

It is further **ORDERED** that Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor's attorney via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

Dated this the 4th day of May, 2022.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Prepared and Submitted by:

/s/ Amanda Beckett
Amanda Beckett
AL State Bar No. ASB-1884-N75B
Rubin Lublin, LLC
11 N. Water Street, Suite 10290
Mobile, AL 36602
(877) 813-0992
abeckett@rlselaw.com
Attorney for Creditor


No Opposition to by:

/s/Michele T. Hatcher
Michele T. Hatcher
AL State Bar No.
P.O. Box 2388
Decatur, AL 35602
256-350-0442
Standing Chapter 13 Trustee